UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

98-21076
Summary Calendar
_____

In The Matter of:  CLAUDE HUGH LLOYD, doing
business as Ancient Oak Sanctuary, also known
as Big Oak Materials, also known as Claude H.
Lloyd Enterprises, also known as Hugh Lloyd,
also known as Yahweh Kingdom People; In the
Matter of:  CASSONDRA JEAN LLOYD, also known
as Cassandra Douglas Lloyd,

                                        Debtors,

CLAUDE HUGH LLOYD; CASSONDRA JEAN LLOYD,

                                        Appellants,

                          v.

JOSEPH M. NIXON; THOMAS JACK PEARSON;
DANIEL E. O'CONNELL,

                                        Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-1281, H-98-CV-1282 & H-98-CV-2734)
_____

November 1, 1999

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Claude Hugh Lloyd and Cassondra Jean Lloyd ("the Lloyds" or
"Debtors") appeal from three distinct orders of the bankruptcy
court:  (1) the dismissal of the Debtors' Chapter 13 bankruptcy

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition; (2) the bankruptcy court's refusal to reopen the bankruptcy case; and (3) the bankruptcy court's denial of the Debtors' motion to withdraw the reference with regard to an adversary proceeding which they filed but which was subsequently dismissed. On appeal to the district court, the appeals were consolidated and all three orders affirmed.

After a careful review of the record and the arguments advanced on appeal, we reject the Debtors' appeal and affirm all the orders appealed from. The appeals border on the frivolous.

The bankruptcy court found and the record supports the bankruptcy court finding that the Lloyds had willfully failed to prosecute their Chapter 13 case by failing to file all due tax returns, failing to appear at a meeting of the creditors, and failing to make required plan payments. Indeed, the record reflects not only that the tax returns were not filed, but that the Debtors have no intention of filing the returns or paying taxes for religious and political reasons.[1] We find, as did the district court, that the bankruptcy court did not abuse its discretion in dismissing the Chapter 13 proceeding.

Likewise, the appeal of the order denying the Lloyds' motion

---

[1]Mr. Lloyd testified that "I'm a *de jour* sovereign expatriate. ... I have declared that I am a citizen of the household of God, of Yahweh. ... The Bible says we're ambassadors for Christ. I claimed my ambassadorship. I have special diplomatic rights and immunities as an ambassador. I've notified the president of the United States and the secretary of state and all governmental agencies, city, county and state." Mr. Lloyd also testified that "the Internal Revenue Service does not have jurisdiction to persecute me and prosecute me. I'm an expatriate. I don't grant them jurisdiction." Mrs. Lloyd testified that she agreed with everything her husband said.

to reopen the case lacks merit.  As the district court correctly pointed out, the deficiencies that caused the dismissal had not been cured and there was no purpose in reopening the case.

Finally, the Lloyds' motion to withdraw reference of the adversary proceeding became a moot issue when the adversary proceeding was dismissed and no appeal was taken from such dismissal.

The Lloyds' conclusory attack on the statutory pre-confirmation payment requirements was neither raised in the bankruptcy court nor properly briefed on appeal and is therefore not properly before us on appeal.  For the same reasons, the Lloyds' stated error of the trustee in failing to convert the Chapter 13 case to a Chapter 11 case is not before us and will not be reviewed.

The orders of the bankruptcy court are affirmed essentially for the reasons set forth in the order of the district court affirming the bankruptcy court dated September 28, 1998.

AFFIRMED.